GABRIELE LEMOND, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Lemond v. Commissioner
Docket Nos. 28859-90, 29235-90, 13324-91, 13547-91
United States Tax Court
T.C. Memo 1992-702; 1992 Tax Ct. Memo LEXIS 748; 64 T.C.M. (CCH) 1489; December 14, 1992, Filed *748 Decisions will be entered under Rule 155. For Gabriele LeMond and Norman Knapp, pro sese. For Respondent: Kenneth W. McWade. KORNER
KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined deficiencies of income tax and additions to tax against petitioners for the years and in the amounts as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a) [2]
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
1986
$ 8,343.00
$ 1,617.00
$   512.00 *
1987
6,682.00
--   334.10 *
1988
3,434.00
679.00
303.90 *
Year
Sec. 6661
1986
$ 2,086.00
1987
1,670.50
1988
--   After concessions, the issues which we must resolve are: 1. Did petitioners receive taxable income in the years 1986, 1987, and 1988, which they failed *749 to report in their joint income tax returns, as determined by respondent? 2. If petitioners received such income, is petitioner Knapp relieved from any liability resulting therefrom because he was an innocent spouse within the meaning of section 6013(e)? 3. Are petitioners liable for additions to tax under the provisions of: (a) Section 6653(a)(1)(A) and (B) for all years? (b) section 6651(a) for 1986 and 1988? (c) section 6661 for 1986 and 1987? FINDINGS OF FACT Some of the facts in this case are stipulated and are so found. Petitioners were residents of Hawaii when the petitions herein were filed. From March 1986 to February 1989, petitioners were married and filed joint income tax returns for 1986, 1987, and 1988. During the years in question, petitioner Knapp was a retired naval aviator, with a certain amount of separate income, including his pension. Petitioner LeMond had a daughter, Danielle, then aged about 6, the child of Ms. LeMond's former marriage, and she was unemployed with no separate significant income. Bauspar Corporation and Citizens Financial Corporation were entities controlled and managed by Henry Kersting, father of petitioner LeMond. During the *750 years in question, Mr. Kersting, using the above-controlled corporations as vehicles, caused payments by check to be made to petitioner LeMond for the support and benefit of herself and her daughter Danielle. When she received these payments from her father, petitioner LeMond deposited them to savings accounts in Honolulu banks which were maintained either in her name, the joint names of herself and petitioner Knapp, Danielle's name, or the sole name of petitioner Knapp. For the years 1986, 1987, and 1988, respondent examined petitioners' returns and redetermined their income under the bank deposits method. In making this analysis for 1986, respondent determined that $ 31,169 of deposits to petitioners' accounts were unexplained and unreported income, consisting of the following: Payments from Bauspar Corporation and
Citizens Financial Corporation
$ 20,500
Payment from sale of residence by petitioner Knapp
7,500
Reimbursement for purchase of video equipment
1,415
Unidentified deposits
1,754
Total:
$ 31,169
On brief, respondent concedes the error of this determination, with respect to the items of $ 7,500 and $ 1,415 listed above. Thus, the amount remaining *751 at issue is $ 22,254. For 1987, respondent determined that there were unexplained deposits (and unreported income) of $ 29,065, consisting of the following: Payments from Bauspar Corporation
$ 8,000
Unexplained deposits
21,065
Total:
$ 29,065
For 1988, respondent determined that there were unexplained deposits (and unreported income) of $ 18,111, consisting of the following: Payments from Bauspar Corporation
$ 9,000
Unexplained deposits
9,111
Total:
$ 18,111
The payments by Bauspar Corporation and/or Citizens Financial Corporation to petitioner LeMond were freewill gifts to her by her father Henry Kersting, and were not compensation to her. These gifts to petitioner LeMond were $ 20,500 in 1986, $ 8,000 in 1987, and $ 9,000 in 1988. During the years in issue, petitioner Knapp was aware of the payments being made to petitioner LeMond by her father Henry Kersting, and that the Bauspar Corporation and Citizens Financial Corporation were being used as the vehicles therefor. The gifts from Henry Kersting were commingled in petitioners' accounts with their other funds and were used for general living and support purposes. For the year 1986, petitioners *752 filed an Application for Extension of Time to File their income tax return to October 15, 1987, on Form 2688. This application for extension of time was signed for petitioners on August 15, 1987. The return for 1986 was signed by petitioners on August 19, 1987, and was received by the Internal Revenue Service on October 21, 1987. There is no evidence that the application was approved by respondent. For 1988, petitioners applied for an automatic extension of time to file their return on Form 4868, which would extend the time for filing to August 15, 1989. Petitioners signed the application on April 16 and April 17, 1989, respectively. Petitioners signed their 1988 return on August 15, 1989, and it was received by the Internal Revenue Service on August 22, 1989. OPINION The first and principal issue which we must consider in this case is whether the unexplained deposits to the bank accounts of petitioners in 1986, 1987, and 1988 represent unreported and untaxed income to them, as determined by respondent, or whether they represent nontaxable gifts to petitioner LeMond, as contended by petitioners. Section 61(a) defines gross income for tax purposes as "all income from whatever *753 source derived" and spells out a number of examples of such income. On the other hand, section 102(a) is specific, saying: "Gross income does not include the value of property acquired by gift, bequest, devise, or inheritance." We must decide whether the transfer of funds in this case to petitioners was income to them, or a gift to petitioner LeMond from her father. The Court of Appeals has said: That only is a gift which is purely such, not intended as a return of value or made because of any intent to repay another what is his due, but bestowed only because of personal affection or regard or pity, or from general motives of philanthropy or charity. * * * [Bass v. Hawley, 62 F.2d 721, 723 (5th Cir. 1933)]
In the context of income taxation, the Supreme Court in Bogardus v. Commissioner, 302 U.S. 34, 40 (1937), said: If the sum of money under consideration was a gift and not compensation, it is exempt from taxation and cannot be made taxable by resort to any form of subclassification. If it be in fact a gift, that is an end of the matter; and inquiry of whether it is a gift of one sort of another is irrelevant. This *754 is necessarily true, for since all gifts are made non-taxable, there can be no such thing under the statute as a taxable gift. A claim that it is a gift presents the sole and simple question whether its designation as such is genuine or fictitious -- that is to say, whether, though called a gift, it is in reality compensation. To determine that question we turn to the facts, which we have already detailed. Based on the evidence presented in this case, in part by stipulation and in part by testimony and exhibits received at the trial, we have found that the deposits to petitioners' accounts in the years in question which emanated from the Bauspar Corporation and/or the Citizens Financial Corporation were gifts by petitioner LeMond's father, Henry Kersting, to her for the benefit of herself and her young daughter. Such amounts were therefore not taxable to petitioners as income, and should be removed from respondent's determination. We have accepted the testimony of petitioner LeMond and Henry Kersting that all his gifts to her were made by transfers from his captive organizations, Bauspar Corporation and Citizens Financial Corporation. The question is: how much? *755 As shown in our Findings of Fact, the parties are in agreement that a certain amount of the deposits to petitioners' accounts came from these two organizations (and we have found were gifts from Henry Kersting to his daughter). The parties did not agree, however, as to the total amount of such gifts, and we find the evidence in this case insufficient to find that any amount of deposits in petitioners' accounts represented gifts to her by her father, in excess of the amounts specifically identified as having come from Bauspar and Citizens. There was testimony from petitioners, but it was of the most vague and general kind, and simply reinforced our finding that Henry Kersting did make gifts to his daughter in the years in question in some amount. Henry Kersting also testified as to the gifts to his daughter, but the exhibits which the witnesses offered were either self-serving declarations prepared by themselves, or a document purporting to be from the books and records of one of Mr. Kersting's companies, which he confessed that he had never seen. Such exhibits rise no higher in quality than the testimony of the witness himself, and though convincing corroboration should have been *756 possible, it was not offered, and we can do no more on this record than to find the amount of gifts from Henry Kersting to his daughter as detailed in our findings above. This leaves unexplained the amounts of $ 1,754 in 1986, $ 21,065 in 1987, and $ 9,111 in 1988. Since we are unable to find that these deposits came from Bauspar or Citizens, or otherwise from Henry Kersting, and since no other explanation was offered, they remain unexplained, and to this extent, respondent's determination must be sustained. The next issue we must consider is whether petitioners are liable for additions to tax under section 6653(a)(1)(A) and (B). The only significant evidence offered on this point was by petitioner Knapp, who testified believably that he had sought professional advice to the effect that gifts by Henry Kersting to his daughter were not taxable income and need not be reported. We accept this testimony, but it goes no further than to cover the gifts from Henry Kersting on which we have made findings. The unexplained remainder of the deposits to petitioners' accounts remains just that, and there is no explanation for it. We must hold that, for failure of petitioners' proof, any *757 remaining deficiency herein will be subject to the negligence additions as determined by respondent. Petitioners, after all, have the burden of proof on this issue. Rule 142(a); Enoch v. Commissioner, 57 T.C. 781 (1972). Respondent also determined additions to tax against petitioners under section 6651(a) because the returns for 1986 and 1988 were not timely filed. The general rule is that petitioners' return was due to be filed not later than April 15 of the year following the taxable year in question. Sec. 6072(a). Petitioners contest the imposition of this addition to tax, claiming that for both 1986 and 1988, their returns were timely under extensions of time which had been duly applied for and granted. Petitioners' contentions on this point must fail. For the year 1986, the evidence of record shows that petitioners filed an application for an extension of time to October 15, 1987, on Form 2688. For 1988, petitioners applied for an automatic extension of time (which was 4 months) to file their return on Form 4868. In both cases, however, the regulations are specific that the application for extension of time must be filed on or before the *758 due date of the return. See secs. 1.6081-1(b), 1.6081-4(a)(3), Income Tax Regs.
In this case, the application for extension of time for 1986 was not even signed for petitioners until August 15, 1987, long past the due date of the return; further, there is no evidence in this record that respondent ever approved the request for extension of time. For the year 1988, where the due date of the return was April 15, 1989, petitioners did not sign the application for extension until April 16 and April 17, 1989, respectively. Since April 15, 1989, was a Saturday, petitioners had until the following Monday, April 17, 1989, so that the signing was timely. Sec. 7503. There is no proof, however, that the application was mailed to respondent on that last day, so as to constitute timely filing under section 7502. Indeed, the evidence in this case includes the return for 1988 with the application attached to it as a single exhibit, suggesting that they may have been filed together, and it is stipulated that the return for 1988 was not received by respondent until August 22, 1989. Since it is not proved that either application was filed before the due date of the respective returns, they *759 were ineffective, and respondent's determination on these additions for 1986 and 1988 must be approved. Respondent also determined additions to tax against petitioners for the years 1986 and 1987 under section 6661. This section provides for a 25-percent addition to tax if there is a "substantial understatement" of tax exceeding the greater of 10 percent of the tax required to be shown on the return or $ 5,000. The taxpayer may avoid the penalty, to the extent that a portion of the understatement may be attributable to the taxpayer's treatment of the items for which there is substantial authority, or with respect to any item as to which the relevant facts affecting the taxpayer's treatment are adequately disclosed in the taxpayer's return or in a statement attached to the return. Sec. 6661(b)(2)(B). In this case, there is no suggestion that there was adequate authority for the position which petitioners took (nonreporting) to the extent that the moneys involved here were not gifts, or that there was adequate disclosure of the matters causing the understatement in the taxpayer's return. Accordingly, if the numerical thresholds are satisfied, as stated above, in the Rule 155 computation, *760 respondent's determination of this item must be sustained. Finally, petitioner Knapp contends that if any deficiency and additions to tax are to be found against petitioners herein, he should nevertheless be absolved of any liability under the joint returns which were filed here, on the grounds that he is an "innocent spouse" within the meaning of section 6013(e). Section 6013(e) provides, in relevant part: (e) Spouse Relieved of Liability in Certain Cases. -- (1) In General. -- Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C)the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement, then the other spouse shall be relieved of liability for tax (including interest, penalties, and *761 other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement. (2) Grossly Erroneous Items. -- For purposes of this subsection, the term "grossly erroneous items" means, with respect to any spouse -- (A) any item of gross income attributable to such spouse which is omitted from gross income, and * * * (3) Substantial Understatement. -- For purposes of this subsection, the term "substantial understatement" means any understatement (as defined in section 6662(d)(2)(A)) which exceeds $ 500. All the conditions of the four subparagraphs of 6013(e)(1) must be satisfied in order for petitioner Knapp to prevail on this point. The first point is satisfied since clearly joint returns were filed here. As to the second point, it appears that no income item attributable to petitioner Knapp has been understated except that we simply do not know from this record the source of the unexplained income items as detailed in our findings above. It follows from this that we cannot say that such unexplained income items which were omitted were not attributable to petitioner Knapp. Finally, and most tellingly in this case, the evidence is *762 clear that petitioner Knapp knew, and had to know, of the deposits which were made to petitioners' joint accounts, and that these funds were apparently free and available for the general use of petitioners. Petitioner Knapp therefore knew, and had to know, that the unexplained amounts in this case, which were not proved to have been gifts from Henry Kersting, had been omitted from petitioners' returns. The requirement of section 6013(e)(1)(C) not having been satisfied, we must hold that petitioner Knapp is not entitled to the protection of innocent spouse status as to any resulting deficiencies in this case. Decisions will be entered under Rule 155. Footnotes
1. Cases of the following petitioners are consolidated herewith: Norman Knapp, docket Nos. 29235-90 and 13324-91; and Gabriele C. LeMond, docket No. 13547-91.↩
2. All statutory references are to the Internal Revenue Code in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. * 50 percent of the interest due on the deficiency.↩